UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AVERY McPETERS,<br><br>          Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>          Respondent. | Case No.: 1:95-cv-05108 LJO<br><br>ORDER REINSTITUTING PREPARATION FOR EVIDENTIARY HEARING |

## I.     Introduction

The Court conducted a hearing with counsel for the parties on April 2013 to explore resolution of this case in light of the mental state of Petitioner Ronald Avery McPeters ("McPeters"). Jean R. Sternberg and the Habeas Corpus Resource Center, by Gary D. Sowards, represented McPeters at the hearing. Respondent Kevin Chappell, Warden of California State Prison at San Quentin (the "Warden") was represented by Supervising Deputy Attorneys General Ward A. Campbell and Michael A. Canzoneri. A representative from the Fresno County District Attorney's Office was encouraged to attend, but did not. At the culmination of the hearing, McPeters was directed to report back in a status report of any progress made. While the Court has been made aware that the exchange of documents and some discussions have occurred, it is apparent that the parties cannot agree on a process for

1

OGrantAbeyance-McP

resolving this case. In light of the Court's objective to accomplish that very result, preparation for the previously ordered evidentiary hearing will commence in accordance with the directives in this order.

## II.     Case Overview

McPeters was sentenced to death for the August 6, 1984 robbery and murder of Linda Pasnick at a Der Wienerschnitzel restaurant in Fresno, California. His conviction and sentence were affirmed by the California Supreme Court on July 13, 1992. *People v. McPeters*, 2 Cal. 4th 1148 (1992). On March 22, 1994, the state court also denied his March 2, 1992 petition for collateral review. McPeters initiated the present action on February 13, 1995 with an application for a stay of the execution of his sentence and appointment of counsel. His federal petition was filed on April 22, 1996. Following litigation concerning the procedural default of several claims and merits briefing by the parties, McPeters filed a motion for an evidentiary hearing, record expansion, and discovery on June 7, 1999. On October 8, 2004, the Court entered a memorandum order granting this motion, in part, on October 8, 2004, as to Claims 4, 6, 15A, 16, 21, and 22. A number of claims in the petition previously have been dismissed as procedurally defaulted or denied on the merits.

1.  On November 8, 1996, the Court denied a portion of Claim 13 on the merits (when ruling on procedural default).

2.  On January 8, 1998 the Court dismissed Claims 3, 14, and 20 for procedural default after undertaking an analysis of cause, prejudice, and a fundamental miscarriage of justice pursuant to *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), and *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

3.  On October 8, 2004 the Court denied on the merits Claims 1, 7, 9, 10, 12, 15B, 17, 19, 23, 24, 25, 26, and 32 when considering McPeters' June 7, 1999 motion for further evidentiary development.

4.  On December 23, 2004 the Court denied on the merits Claims 2, 5, and the remaining portion of Claim 13 after evaluating the viability of the robbery-murder special circumstance in light of persuasive evidence supporting a finding that an attempted robbery occurred but a completed robbery did not.

2

Besides the six claims for which an evidentiary hearing was granted on October 8, 2004, Claims 11 and 35 were reserved pending the outcome the evidentiary hearing. The merits of record-based Claims 8, 18, 27, 28, 29, 30, 31, 33, and 34 have not been addressed.

### III.  Claims Subject to Further Evidentiary Development

All six of the claims for which an evidentiary hearing was granted involve McPeters' mental state. Claims 4, 6, 15, and 16 allege ineffective assistance of counsel for the failure of McPeters' trial attorney to present an insanity defense (Claim 4), to present a defense that McPeters was legally unconscious due to mental illness, drug-induced psychosis, or both, and lacked the mens rea necessary for to crimes for which he was convicted (Claim 6), and failure to present mitigating evidence and conduct adequate cross examination at the penalty phase (Claims 15 and 16). Claim 21 raises a substantive claim of mental incompetence throughout the entire proceedings. Claim 22 alleges McPeters was deprived of the benefit of adequate mental health assistance due to the ineffective assistance of counsel alleged in Claims 4, 6, and 15. It is the Court's decision to bifurcate this action between guilt and penalty phase claims, with litigation of claims pertaining to the guilt phase to be addressed first, that is Claims 4, 6, and 21.

#### A.  McPeters' Incompetence to be Tried (Claim 21)

McPeters alleges he was prosecuted while mentally incompetent, unable to understand the proceedings, and unable to communicate effectively and assist his trial counsel. *See Dusky v. United States*, 362 U.S. 402 (1960). Documents appended to McPeters' motion indicated that he was evaluated for competence to be tried between four and five months prior to the commencement of trial and that his anti-psychotic medication had been terminated. In the October 8, 2004 order, the Court found that based solely on the evidence offered with the motion, a finding of retrospective incompetence was likely. Further evidentiary development was granted to explore whether the substance of the proffered evidence could be sustained after being tested by cross examination and opposing evidence anticipated to be presented by the Warden.

Accordingly, the Warden is directed to come forward with a statement of any objections to the evidence discussed in the October 8, 2004 Order regarding Claim 21 and to provide an offer of proof

as to evidence he would present to refute that evidence. The Warden also shall provide a summary of his position that the proffered evidence does not establish McPeters' incompetence to be tried.

### B. Defenses Not Raised at Guilt Phase Proceedings

Claims 4 and 6 challenge the competence of McPeters' trial attorney for his failure to raise insanity and unconsciousness defenses as well as his failure to present evidence showing McPeters' lack of mens rea for robbery and murder. In the October 8, 2004 Order the Court identified the issues to be resolved at the anticipated evidentiary hearing:

> 1. McPeters' mental and physical condition after his arrest and prior to his booking into the Fresno County Jail;
>
> 2. Whether McPeters was placed in a safety cell contemporaneous with his booking into the Fresno County Jail and the reasons therefor;
>
> 3. Whether McPeters anti-psychotic medication was prescribed for and administered to McPeters contemporaneous with his booking into the Fresno County Jail;
>
> 4. Whether McPeters' attorney abandoned his guilt phase defense strategy to present mental health experts because he was unable to establish a foundation of drug involvement;
>
> 5. Whether the results of drug tests conducted on McPeters' blood were reliable indicators of his intoxication and/ or mental state at the time of the offense;
>
> 6. Whether McPeters' attorney fully appreciated the import of the toxicological test results, erroneously accepted the prosecutor's inaccurate characterization that the blood vial which tested positive for PCP in an appreciable quantity was contaminated, and incompetently failed to investigate the matter himself; and
>
> 7. Whether the declarations of McPeters' mental health experts, including the turn-around testimony of Dr. Joel Fort, are based on reliable, supportable facts, including McPeters' alleged long-term history of drug and alcohol abuse.

As to the first six of these issues, the Warden is directed to file a statement of any objections to the evidence McPeters proffered, provide an offer of proof as to evidence he would present to refute

4

that evidence, and a summary of his position that the proffered evidence does not establish ineffective assistance of counsel as alleged in Claims 4 and 6.  The Court is particularly focused on whether the Warden contends McPeters was competent to select a denial defense during trial proceedings and whether he can substantiate his argument that the treating emergency room physician found no nystagmus when he treated McPeters shortly after his arrest.   McPeters is directed to file a statement addressing the seventh issue, since reliable evidence capable of corroboration which would substantiate his long-term mental illness and substance abuse was not presented with his motion.

### IV.     Standard of Review

When preparing their responses, the parties should bear in mind that this case is not subject to the review provisions of the Anti-terrorism and Effective Death Penalty Act of April 24, 1996 ("AEDPA") because McPeters' federal petition was filed prior to the effective date of that act.  *Woodford v. Garceau*, 538 U.S. 202, 207 (2003).

### V.     Order

In compliance with this order, both parties are directed to file their respective responses within 60 days of this order.  After the Court has reviewed the responses, further briefing may or may not be ordered, or the Court may call for a rapid status conference.  No case management or budgeting activity will be necessary on the part of McPeters' attorneys, as the budget authorized in 2008 and amended in 2009 remains viable.

The 60 days will <u>not</u> be extended.  Last minute emergencies should be anticipated now.  This case is inexcusably old.

IT IS SO ORDERED.

Dated: <u>November 18 2013</u>

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge

5

OGrantAbeyance-McP