**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AVERY McPETERS,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, AS WARDEN OF SAN QUENTIN CALIFORNIA STATE PRISON,<br><br>    Respondent. | Case No. 1:95-cv-05108 LJO-SAB<br><br>ORDER SETTING TELEPHONIC EVIDENTIARY HEARING SCHEDULING CONFERENCE<br><br>DATE: June 23, 2014<br>TIME:  10:00 a.m. |

On November 19, 2013, the Court ordered the parties to reinstitute preparations for an evidentiary hearing for three of six claims as addressed in the order. Respondent Kevin Chappell ("Respondent") provided a response regarding Claim 21 (alleging Petitioner was incompetent) as well as to six issues identified by the Court regarding Claims 4 and 6 (ineffective assistance of counsel for failure to raise insanity and unconsciousness defenses at trial). Petitioner Ronald Avery McPeters ("Petitioner") addressed the factual foundation for his alleged mental illness and drug abuse with respect to Claims 4 and 6.

Since the parties filed their respective responses, the Court has determined that, in the interests of judicial efficiency, all six claims should be addressed during the evidentiary hearing. Accordingly, in addition to Claims 4, 6, and 21, the evidentiary hearing will address Claims 15 and 16 (ineffective assistance of counsel during penalty proceedings for failure to present

mitigating evidence and conduct adequate cross examination) and Claim 22 (deprivation of assistance of adequate mental health assistance due to ineffective assistance of counsel). After the evidentiary hearing, the Court may, if necessary, address reserved Claims 11 and 35 as well as record-based Claims 8, 18, 27, 28, 29, 30, 31, 33, and 34.

# I.

# BACKGROUND

The Court ordered a limited evidentiary hearing on October 8, 2004. Afterwards, the Court entered an order regarding hearing preparation on March 11, 2005. Petitioner filed a response on March 1, 2006. Petitioner identified 36 documents and declarations. All of the identified evidentiary material was filed with his response. Respondent filed a response to Petitioner's submission on February 15, 2007. Respondent identified a single witness, expert Reese Jones, M.D., accompanied by Dr. Jones' February 14, 2007 declaration. Further evidentiary hearing preparations were then interrupted pursuant to Rohan ex rel. Gates v. Woodford, 334 F.3d 803 (9th Cir. 2003) as the parties litigated the propriety of staying the proceedings because Petitioner lacked competence to assist his attorneys with preparation. The Court entered a Gates stay on September 18, 2007. The Gates stay was lifted effective January 8, 2013 when the Supreme Court filed its opinion in Ryan v. Gonzales, ___ U.S. ___, 131 S. Ct. 696 (2013). See Order filed January 29, 2013 by this Court.

### A.     Claims 4 and 6

In his response to the November 19, 2013 order, Respondent refutes every factual conclusion advocated by Petitioner in Claims 4 and 6, from Petitioner's mental condition up to his arrival at the County Jail, to the alleged professional incompetence of defense counsel in relying on incorrect information about the drug screen tests. Respondent contends that Herb Bivens, M.D., an emergency room doctor who administered medical care to Petitioner on the night of his arrest, will testify at the evidentiary hearing. In addition, Respondent refers to Dr. Jones' declaration.

Respondent concedes the existence of "undisputed evidence" supporting the fact that Petitioner has been battling schizophrenia since his early twenties to the present. Respondent

agrees that Petitioner's behavior leading up to and subsequent to the murder "most likely" was a consequence of the cumulative effects of long-time PCP ingestion and mental illness. However, during the murder, Respondent claims Petitioner was goal-directed and not influenced by PCP ingestion or mental illness.

In his response, Petitioner referenced prior declarations (not objected to by Respondent) evidencing his long term substance abuse and mental illness.

### B. Claim 21

In granting an evidentiary hearing for Claim 21, the Court considered documentary evidence, declaration testimony, and Petitioner's trial testimony. See October 8, 2004 Order, pp. 24-30, 166-68. The documents included Fresno County Jail records from the infirmary, the Safety Cell, and the Acute Psychiatric Unit. The expert testimony included declarations from Allen Middleton, Ph.D., Markham Kirsten, M.D., Paul Levy, M.D., Mary Heatley, R.N., Shirley Reece, M.S.W., Allan Hedberg, Ph.D., and Vernon Foster, M.D. The lay testimony included declarations from Juanita McPeters, Hansel Baber, Levester Johnson, Lonzel McPeters, and Denise McPeters. Petitioner's trial testimony was that he had not been present at the crime scene, in spite of the overwhelming evidence that he was the perpetrator.

Respondent does not object the introduction of any of the foregoing evidence. However, Respondent intends to rebut the evidence with the previously submitted declaration of Dr. Jones, the August 12, 1992 declaration of Petitioner's defense counsel, and Jail infirmary records during the state trial proceedings.

### C. Claims 15 and 16

Claims 15 and 16 address Petitioner's mental state based on witness observations and documentary evidence. Family and third party witnesses state in declarations that Petitioner's behavior and appearance was consistent with PCP use. One third-party witnesses, Daniel Malcher, was called by the prosecution to explain Petitioner's violent response to a traffic altercation during penalty proceedings. Other witnesses were involved with McPeters' treatment while incarcerated at the County Jail prior to and during trial.

Petitioner contends that defense counsel failed to conduct an adequate investigation to refute the testimony of the prosecution's expert witness, Joel Fort, M.D.. Dr. Fort's trial testimony strongly discounted signs that Petitioner was under the influence of PCP or was mentally ill at the time of the crime and asserted that any signs of Petitioner's mental illness constituted malingering. Petitioner also faults defense counsel for his failure to develop evidence to mitigate the penalty, such as evidence of his sadistic upbringing and developmental problems in school.[1] The Court granted Petitioner an evidentiary hearing to develop these factual issues based 1) on expert testimony universally disputing the validity of all drug screens, 2) percipient witness testimony, including an employee at the APU discounting an escape attempt by Petitioner, and 3) documentary evidence from the County Jail.

**D.     Claim 22**

Claim 22 presents an amalgamation of the issues raised in Claims 4, 6, 15, and 21. With respect to Claims 4, 6, and 15, Petitioner claims defense counsel's incompetent representation resulted in him not receiving adequate mental health assistance under Ake v. Oklahoma, 475 U.S. 68 (1985).[2] By incorporating Claim 21, Petitioner claims ineffective assistance of counsel for defense counsel's failure to request a competence examination during trial proceedings. Claim 22 relies upon the same evidence as the other four related claims.

## II.

### DISCUSSION AND ORDER

The Court will conduct a scheduling conference to address evidentiary issues pertaining to the claims identified above. Specifically, the parties should be prepared to address the appropriate and most efficient manner of presenting the evidence with respect these claims at the evidentiary hearing. Further, with respect to Claims 15, 16, and 22, the parties should be prepared to address any disputes regarding the admissibility of the evidence relied upon by both parties.

---

[1] The Court denied Petitioner's request to challenge defense counsel's competence in Claim 15 regarding admission of prior violent conduct during penalty proceedings.

[2] The Court denied the portion of Claim 22 alleging that prosecutorial misconduct caused Petitioner's deprivation of adequate mental health assistance.

Generally, the Court prefers the presentation of evidence via live testimony because it is more succinct and complete. However, the court will consider alternatives if its meets with judicial and economic efficiency for all. One exception may be if both parties agree to submit testimony via written declaration. If all other parties waive their right to cross examination or consent to conducting cross examination by written interrogatories, the Court will generally permit the admission of testimony by written declaration. See 28 U.S.C. § 2246. Further, under certain circumstances the Court may allow testimony to be introduced from a pre-hearing deposition. However, neither party requested to preserve testimony by deposition. Further, although Respondent has voiced no objection to the admission of a number of declarations, he has not waived his right to cross examine those witnesses.

The Court notes that in Petitioner's March 1, 2006 identification of evidence sought to be admitted at the anticipated evidentiary hearing, Petitioner did not mention all of the individuals whose declarations were considered in the Court's October 8, 2004 order. The most notable omission was that of Dr. Fort: Dr. Fort initially testified in favor of the prosecution at the state trial, but later gave a declaration repudiating his earlier conclusions based on information that was provided by Petitioner's habeas attorneys and withheld by the prosecutor. Dr. Fort's declaration is dated March 2, 1992 and would be relevant to Claims 15, 16, and 22. However, in light of the passage of time, it is not clear that Dr. Fort or the other witnesses listed in Petitioner's March 1, 2006 submission would be still available to testify at an evidentiary hearing.

At the scheduling conference, the parties should be prepared to discuss mutually agreeable documentary evidence as well as the identity of available witnesses for examination. It appears from the parties' respective responses that an agreement is likely with respect to documentary evidence.

///
///
///
///

In light of the foregoing, the Court sets an evidentiary scheduling conference for **Monday, June 23, 2014 at 10:00 a.m. in Courtroom 9**. The parties are welcome to appear by teleconference. The attorneys are directed to contact the Court's Courtroom Deputy Clerk, Ms. Mamie Hernandez, to advise that they will be appearing telephonically and to obtain the teleconference code.

IT IS SO ORDERED.

Dated:   **June 16, 2014**

UNITED STATES MAGISTRATE JUDGE