# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AVERY McPETERS,<br><br>PETITIONER,<br><br>v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No. 1:95-cv-5108-LJO-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING PETITIONER'S APPLICATION TO SEEK SUMMARY ADJUDICATION ON CLAIMS 21 AND 22<br><br>(ECF No. 281) |

Petitioner's federal petition was filed on April 22, 1996. Following litigation concerning the procedural default of several claims and merits briefing by the parties, McPeters filed a motion for an evidentiary hearing, record expansion, and discovery on June 7, 1999. On October 8, 2004, the Court entered a memorandum order granting this motion, in part, as to Claims 4, 6, 15A, 16, 21, and 22. Besides the six claims for which an evidentiary hearing was granted on October 8, 2004, Claims 11 and 35 were reserved pending the outcome the evidentiary hearing. The merits of record-based Claims 8, 18, 27, 28, 29, 30, 31, 33, and 34 have not been addressed. Following the Supreme Court's decision in Ryan v. Gonzales, 133 S. Ct. 696 (2013), on November 19, 2013 an order issued reinstituting preparations for the evidentiary hearing. (ECF No. 265.)

A status conference was held in this action on August 4, 2014, and Petitioner's counsel was granted the opportunity to file a motion to address Petitioner's contention that Claims 21 and 22 of the Petition were amenable to summary adjudication. On September 9, 2014, Petitioner

1 filed an Application to Seek Summary Adjudication on Claims 21 and 22.  (ECF No. 281.)  On
2 October 8, 2014, Respondent filed a Response to the Application.  (ECF No. 286.)

3 Petitioner contends that Respondent has done no more than offer unsupported denials of
4 his claims and has not provided the requisite offer of proof on any facts germane to finding in
5 Petitioner's favor.  (ECF No. 281 at 3.)  Petitioner further argues that Respondent has not
6 proffered documents to create a triable issue of material fact to defeat Petitioner's contention that
7 trial counsel should have sought inquiry into Petitioner's incompetence during trial.  (Id. at 6.)

8 The import of the Court having ordered an evidentiary hearing is that Petitioner will be
9 entitled to relief if he can establish his offers of proof.  See Landrigan v. Schriro, 550 U.S. 465,
10 474 (2007).  Although Petitioner contends that there is no disputed material fact, Respondent
11 does dispute that Petitioner was incompetent prior to, during, and after his trial and cites the
12 declaration of Dr. Jones to establish the disputed facts.  In his declaration, Dr. Jones states that
13 Petitioner was probably mentally competent and that his mental illness was in remission from
14 late summer 1985 to the fall of 1986.  The evidentiary hearing was ordered for the parties to
15 present evidence and for the trier of fact to hear witness testimony on the disputed issue of
16 Petitioner's competence.

17 Further, the claims in the Petition have been fully briefed and allowing Petitioner to file a
18 Motion for Summary Adjudication would be superfluous and only serve to increase the costs and
19 time associated with resolving the Petition.

20 For these reasons, Petitioner's Application to Seek Summary Adjudication on Claims 21
21 and 22 is HEREBY DENIED.

22
23 IT IS SO ORDERED.

24 Dated:   **October 9, 2014**
UNITED STATES MAGISTRATE JUDGE