1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD AVERY McPETERS,                    Case No.  1:95-cv-05108-LJO-SAB

12              Petitioner,                    DEATH PENALTY CASE

13        v.                                   ORDER CONTINUING EVIDENTIARY
                                               HEARING
14   KEVIN CHAPPELL, AS WARDEN OF SAN
     QUENTIN CALIFORNIA STATE PRISON,          Continued Hearing:
15                                              Date: June 9, 2015
              Respondent.                      Time: 9:00 a.m.
16                                              Courtroom: 9
                                               Judge: Stanley A. Boone
17
                                               SCHEDULING ORDER FOR EVIDENTIARY
18                                             HEARING

19

20

21        Petitioner's federal petition was filed on April 22, 1996.  Following litigation concerning

22   the procedural default of several claims and merits briefing by the parties, Petitioner filed a

23   motion for evidentiary hearing, record expansion, and discovery on June 7, 1999.  On October 8,

24   2004, the Court granted this motion, in part, as to Claims 4, 6, 15A, 16, 21, and 22.  Claim 4

25   alleges ineffective assistance of counsel for the failure to present an insanity defense.  Claim 6

26   alleges ineffective assistance of counsel for failure to present a defense that Petitioner was

27   legally unconscious due to mental illness, drug-induced psychosis, or both, and lacked the mens

28

                                               1

1   rea necessary for the crimes for which he was convicted.  Claims 15A and 16 allege ineffective

2   assistance of counsel for failure to present mitigating evidence and conduct adequate cross-

3   examination at the penalty phase.  Claim 21 raises a substantive claim of mental incompetence

4   throughout the entire proceeding.  Claim 22 alleges Petitioner was deprived of the benefit of

5   adequate mental health assistance due to the ineffective assistance of counsel alleged in Claims

6   4, 6, and 15A.

7            Besides the six Claims for which an evidentiary hearing was granted, Claims 11 and 35

8   were reserved pending the outcome of the evidentiary hearing.  The merits of record-based

9   Claims 8, 18, 27, 28, 29, 30, 31, 33, and 34 have not been addressed.

10           The matter was stayed on September 18, 2006, pursuant to Rohan ex rel. Gates v.

11   Woodford, 334 F.3d 803 (9th Cir. 2003), due to Petitioner's incompetence (ECF No. 244).

12   Following the Supreme Court's decision in Ryan v. Gonzales, 133 S. Ct. 696 (2013), this Court,

13   on November 19, 2013, issued an order reinstituting preparations for the evidentiary hearing

14   (ECF No. 265).

15           The November 19, 2013 order identified, and directed the parties to respond to, the

16   following issues to be resolved at evidentiary hearing (ECF No. 265 at 4:6-26):

17       1) Petitioner's mental and physical condition after his arrest and prior to his booking

18           into the Fresno County Jail;

19       2) Whether Petitioner was placed in a safety cell contemporaneous with his booking into

20           the Fresno County Jail and the reasons therefor;

21       3) Whether Petitioner's anti-psychotic medication was prescribed for and administered

22           to him contemporaneous with his booking into the Fresno County Jail;

23       4) Whether Petitioner's attorney abandoned his guilt phase defense strategy to present

24           mental health experts because he was unable to establish a foundation of drug

25           involvement;

26       5) Whether the results of drug tests conducted on Petitioner's blood were reliable

27           indicators of his intoxication and/ or mental state at the time of the offense;

28       6) Whether Petitioner's attorney fully appreciated the import of the toxicological test

1             results, erroneously accepted the prosecutor's inaccurate characterization that the

2             blood vial which tested positive for PCP in an appreciable quantity was contaminated,

3             and incompetently failed to investigate the matter himself; and

4     7)  Whether the declarations of Petitioner's mental health experts, including the turn-

5             around testimony of Dr. Joel Fort, are based on reliable, supportable facts, including

6             Petitioner's alleged long-term history of drug and alcohol abuse.

7 The parties filed their respective responses to these issues (ECF Nos. 268-270). The parties also

8 filed an initial joint pre-evidentiary hearing statement (ECF No. 275).

9       A telephonic case management conference was held on August 4, 2014 during which an

10 evidentiary hearing was set for June 2, 2015 (ECF No. 276).

11       A telephonic status conference was held on January 16, 2015, during which the parties

12 agreed to continue the June 2, 2015 evidentiary hearing to June 9, 2015. Counsel Gary Sowards

13 and Margo Hunter appeared for Petitioner and Counsel Tami Krenzin and Jeff Grant appeared

14 for Respondent.

15       The Court now provides further scheduling and direction for the evidentiary hearing.

16       It is HEREBY ORDERED as follows:

17     1.     The evidentiary hearing currently set for June 2, 2015 at 9:00 a.m. in Department

18 9 is continued to June 9, 2015 at 9:00 a.m. in Department 9 before the undersigned. The parties

19 need not appear for hearing on June 2, 2015.

20     2.     Not later than February 27, 2015:

21       a.     The parties shall disclose expert witness testimony and related reports

22 pursuant to Rule 26(a)(2). Any motion to conduct a pre-hearing discovery deposition of an

23 opposing party's expert shall be filed within 10 days of the disclosure. Any motion to exclude an

24 opposing party's proffered expert witness shall also be filed within 10 days of the disclosure.

25 Opposition to either motion shall be filed 10 days thereafter, and if the Court deems a hearing

26 necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available

27 date on the Court's calendar.

28       b.     The parties shall disclose lay witness lists. Any motion to conduct a pre-

1  hearing discovery deposition of an opposing party's lay witness shall be filed within 10 days of

2  the disclosure.  Any motion to exclude an opposing party's lay witness shall also be filed within

3  10 days of the disclosure.  Opposition to either motion shall be filed 10 days thereafter, and if the

4  Court deems a hearing necessary the matter shall be set for telephonic hearing 7 days thereafter

5  or on the next available date on the Court's calendar.

6          c.      The parties may request that Petitioner attend the evidentiary hearing in

7  person or participate via video conference.

8          3.      Not later than April 24, 2015:

9          a.      The parties shall disclose rebuttal expert witness testimony and related

10 reports.  Any motion to conduct a pre-hearing discovery deposition of an opposing party's

11 rebuttal expert shall be made within 10 days of the disclosure.  Any motion to exclude an

12 opposing party's proffered rebuttal expert shall also be filed within 10 days of the disclosure.

13 Opposition to either motion shall be filed 10 days thereafter, and if the Court deems a hearing

14 necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available

15 date on the Court's calendar.

16          b.      Either party may file any discovery motion(s) not otherwise provided for

17 in this schedule.  Opposition to such motions shall be filed 10 days thereafter, and if the Court

18 deems a hearing necessary the matter(s) shall be set for telephonic hearing 7 days thereafter or on

19 the next available date on the Court's calendar.  Within 5 days of the Court's ruling on any

20 motion for discovery, any additional discovery ordered by the Court shall be produced.

21          4.      Not later than May 22, 2015:

22          a.      The parties shall file with the Court and serve upon each other final

23 witness and exhibit lists pursuant to Rule 26(a)(3). The parties shall also file copies of any listed

24 exhibits not previously filed in this matter.

25      5.      Following the exchange of the parties' witness and exhibit lists, the parties shall

26 meet and confer to determine (i) whether the testimony of certain witnesses, if any, can be

27 introduced via written declaration with either a waiver of cross-examination, or consent to

28 conduct cross-examination by written interrogatories or by production of the witness by the

1   proffering party for cross-examination in court, and (ii) whether they can stipulate to any

2   undisputed facts or legal or evidentiary issues.

3       6.    Not later than June 2, 2015:

4       a.    The parties shall file any in limine motions regarding the admissibility of

5   evidence, scope of witness testimony, etc.  These motions may be taken up at the outset of the

6   evidentiary hearing.

7       b.    The parties shall file a supplemental joint pre-hearing statement, which

8   shall (i) identify counsel who will appear at the hearing, (ii) identify any stipulated and

9   uncontested facts, and (iii) identify the contested issues of fact and law.

10       c.    The parties shall separately file proposed findings of fact and conclusions

11   of law.

12       7.    The evidentiary hearing will address Claims 4, 6, 15A, 16, 21 and 22.  Claims 4,

13   6, and 21 pertaining to the guilt phase shall be addressed first.  The parties, in addressing these

14   six Claims, shall include the issues for resolution identified above and the other party's

15   previously filed response thereto and state why proffered evidence does or does not support the

16   Claims.

17       8.    After the evidentiary hearing, the Court may, if necessary, address reserved

18   Claims 11 and 35 as well as record-based Claims 8, 18, 27, 28, 29, 30, 31, 33, and 34.

19       9.    Evidence shall be presented via live testimony unless the parties stipulate

20   otherwise, or the Court so orders.  If the other party waives the right to cross-examination or

21   consents to conduct cross-examination by written interrogatories, see 28 U.S.C. § 2246, or in

22   court, the Court will generally permit the admission of testimony by written declaration.  Further,

23   under certain circumstances the Court may allow testimony to be introduced from a pre-hearing

24   deposition.

25       10.    Counsel shall create five complete, legible and identical sets of exhibits in binders

26   as follows: (a) three sets of binders to be delivered to Courtroom Deputy Mamie Hernandez no

27   later than **May 29, 2015** (one for use by the Courtroom Clerk and one for use by the Court and

28   one for purposes of questioning witnesses to be placed at the witness stand); and (b) one set for

1   each counsel.  All of Petitioner's exhibits shall be marked sequentially beginning with 1 (e.g., 1,

2   2, etc.).  All of Respondent's exhibits shall be marked sequentially beginning with A (e.g., A, B,

3   C...AA, BB, CC...AAA, BBB, CCC, etc.).

4          11.     Ron Davis, Acting Warden of San Quentin State Prison, is substituted for his

5   predecessor wardens and acting wardens pursuant to Federal Rule of Civil Procedure 25(d).  The

6   Court Clerk is directed to make the appropriate correction to the docket.

7

8   IT IS SO ORDERED.

9   Dated:   **January 16, 2015**

                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28