# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AVERY McPETERS, | Case No. 1:95-cv-05108-DAD-SAB |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | ORDER DENYING JOINT REQUEST TO VACATE EVIDENTIARY HEARING SCHEDULE |
| RON DAVIS, Warden of California State Prison at San Quentin, | (Doc. No. 305) |
| Respondent. | ORDER MODIFYING EVIDENTIARY HEARING SCHEDULE AND SETTING STATUS CONFERENCE |

**Disclosure Deadlines:**
  Rule 26(a)(2): October 31, 2016
  Rebuttal Experts: December 9, 2016
**Discovery Deadline:**
  Completion Of All Discovery: December 9, 2016
**Document Submission Deadlines**:
  Final Witness Lists: January 2, 2017
  Final Exhibit Lists: January 2, 2017
  Pre-Marked Exhibits: January 2, 2017
  Pre-Hearing Motions/Submittals: January 10, 2017
  Exhibit Binders: January 12, 2017
  Closing Briefs: 90 days after hearing
  Rebuttal Briefs: 30 days after closing brief
**Continued Evidentiary Hearing:**
  January 18, 2017 at 9:00 a.m. Courtroom 5
**Status Conference Hearing:**
  October 3, 2016 at 11: a.m. Courtroom 9

Before the court is the parties' March 11, 2016 joint request to vacate the evidentiary

1

hearing schedule. The parties seek this relief pending final disposition of petitioner's June 5, 2015 petition for writ of habeas corpus filed in the California Supreme Court (California Supreme Court Case No. S226918) alleging his incompetency to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986) (Claim One) and entitlement to relief for false evidence under California Penal Code § 1473(e)(1) (Claims Two and Three).

The court has reviewed the joint request and its appendices and the record in this matter. The request to vacate evidentiary hearing scheduling shall be denied because that relief is akin to holding these proceedings in abeyance, which the parties have neither noticed nor supported. The court, however, finds good cause to modify scheduled dates for a continued evidentiary hearing before United States District Judge Dale A. Drozd, and to set a status conference.

Accordingly, it is HEREBY ORDERED that:

1. The joint request to vacate the evidentiary hearing schedule (Doc. No. 305) is denied without prejudice.

2. The June 11, 2015 scheduling order is modified as follows:

   a. The evidentiary hearing is **continued to January 18, 2017** at 9:00 a.m., in Department 5, before the United States District Court Judge Dale A. Drozd.

   b. The deadline for the parties to provide Rule 26(a)(2) expert testimony and reports and lay witness lists and to request petitioner's attendance at hearing is **continued to October 31, 2016**. Any motion to conduct a pre-hearing discovery deposition of an opposing party's expert shall be filed within 10 days of the disclosure. Any motion to exclude an opposing party's proffered expert witness shall also be filed within 10 days of the disclosure. Opposition to either motion shall be filed 10 days thereafter, and if the court deems a hearing necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available date on the court's calendar.

   c. The deadline for disclosure of rebuttal expert witness testimony and

related reports, and filing of discovery motions is **continued to December 9, 2016**.  Any motion to conduct a pre-hearing discovery deposition of an opposing party's rebuttal expert shall be made within 10 days of the disclosure. Any motion to exclude an opposing party's proffered rebuttal expert shall also be filed within 10 days of the disclosure.  Opposition to either motion shall be filed 10 days thereafter, and if the court deems a hearing necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available date on the court's calendar.

d. Either party may file any discovery motion(s) not otherwise provided for in this schedule, by not later than **December 9, 2016**.  Opposition to such motions shall be filed 10 days thereafter, and if the court deems a hearing necessary the matter(s) shall be set for telephonic hearing 7 days thereafter or on the next available date on the court's calendar. Within 5 days of the court's ruling on any motion for discovery, any additional discovery ordered by the court shall be produced.

e. The deadline for the parties to serve the final witness and exhibit lists pursuant to Rule 26(a)(3), and to file copies of exhibits not previously filed in this matter is **continued to January 2, 2017**.  The parties shall also file by that date copies of any listed exhibits not previously filed in this matter.

f. Following exchange of the witness and exhibit lists, the parties shall meet and confer to determine (i) whether the testimony of certain witnesses, if any, can be introduced via written declaration with either a waiver of cross-examination, or consent to conduct cross-examination by written interrogatories or by production of the witness by the proffering party for cross-examination in court, and (ii) whether they can stipulate to any undisputed facts or legal or evidentiary issues.

g. The deadline for filing in limine motions, any supplemental joint pre-

        hearing statement and proposed findings of fact and conclusions of law is **continued to January 10, 2017**.

   h.   The deadline for the parties to deliver complete, legible and identical sets of exhibits in binders is **continued to January 12, 2017**. Three sets of binders shall be delivered to Courtroom Deputy, Ms. Renee Gaumnitz, (one for use by the Courtroom Clerk and one for use by the court and one for purposes of questioning witnesses to be placed at the witness stand). One set each shall be delivered to counsel. All of petitioner's exhibits shall be marked sequentially beginning with 1 (e.g., 1, 2, etc.). All of respondent's exhibits shall be marked sequentially beginning with A (e.g., A, B, C...AA, BB, CC...AAA, BBB, CCC, etc.).

   i.   The evidentiary hearing will address claims 4, 6, 15A, 16, 21 and 22. After the evidentiary hearing, the court may, if necessary, address reserved claims 11 and 35 as well as record-based claims 8, 18, 27, 28, 29, 30, 31, 33, and 34.

   j.   Evidence shall be presented via live testimony unless the parties stipulate otherwise, or the court so orders. If the other party waives the right to cross-examination or consents to conduct cross-examination by written interrogatories, see 28 U.S.C. § 2246, or in court, the court will generally permit the admission of testimony by written declaration. Further, under certain circumstances the court may allow testimony to be introduced from a pre-hearing deposition.

   k.   Not later than 90 days after receipt of the court reporter's transcript of the evidentiary hearing, the parties shall simultaneously file closing briefs.

   l.   Not later than 30 days after the filed date of closing briefs, the parties shall simultaneously file any rebuttal briefs.

3.   A status conference hearing is set for **October 3, 2016**, at 11:00 a.m., in Department 9, before the undersigned. The parties may appear by teleconference.

The attorneys are directed to contact the court's Courtroom Deputy Clerk, Ms. Mamie Hernandez, to advise that they will be appearing telephonically and to obtain the teleconference number and pass code.

4. Counsel shall also file a joint status conference report not later than 7 days prior to the status conference hearing <u>and</u> within 15 days of issuance of any decision by the California Supreme Court on the June 5, 2015 state habeas petition.

IT IS SO ORDERED.

Dated: **March 16, 2016**

UNITED STATES MAGISTRATE JUDGE