UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AVERY McPETERS,<br><br>    Petitioner,<br>v.<br><br>RON DAVIS, Warden Of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:95-cv-05108-DAD-SAB<br><br>**DEATH PENALTY CASE**<br><br>ORDER DENYING UNOPPOSED MOTION TO HOLD PROCEEDINGS IN ABEYANCE<br><br>(Doc. No. 308)<br><br>ORDER VACATING SCHEDULED HEARINGS AND DEADLINES<br><br>(Doc. No. 307)<br><br>ORDER DIRECTING PETITIONER TO FILE STATE EXHAUSTION STATUS REPORTS |

Before the court is the unopposed motion brought by counsel on behalf of petitioner Ronald Avery McPeters, to hold these proceedings in abeyance while he exhausts claim one (alleging his incompetency to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986)), claim two (alleging entitlement to relief under California Penal Code § 1473(e)(1) due to the alleged introduction of false blood and toxicology evidence at the guilt phase of his trial), and claim three (alleging entitlement to relief under California Penal Code § 1473(e)(1) due to the admission of false expert opinion at the penalty phase of his trial) included in his state petition for writ of habeas corpus filed in the California Supreme Court on June 5, 2015 (California Supreme Court Case No. S226918).

/////

Petitioner avers that on April 28, 2016, counsel for respondent Warden Ron Davis, was informed of the fact and substance of the motion for stay and stated her non-opposition to it.

The court finds the instant motion for abeyance is amenable to decision without a hearing.

## I. BACKGROUND

Petitioner was convicted in Fresno County of first degree murder during a robbery and sentenced to death on May 7, 1986. His conviction was affirmed by the California Supreme Court on automatic appeal on July 13, 1992, and rehearing was denied by that court on September 23, 1992. The U.S. Supreme Court denied the petition for writ of certiorari on April 19, 1993. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was summarily denied on March 22, 1994. The U.S. Supreme Court denied certiorari from the habeas denial on October 3, 1994.

Petitioner initiated these federal proceedings on February 13, 1995. The federal habeas petition was filed on April 22, 1996. On October 8, 2004, the court granted a limited evidentiary hearing and record expansion as to petitioner's claims 4, 6, 15A, 16, 21, and 22 which relate to mental state defenses, mental state mitigation and substantive incompetency. The court also held in reserve for later decision record based claims 8, 11, 18, 27, 28, 29, 30, 31, 33, 34 and 35 and denied federal habeas relief as to petitioner's remaining claims.

This action was stayed by court order on September 18, 2006, pursuant to the decision in *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), due to petitioner's incompetence. Following the Supreme Court's decision in *Ryan v. Gonzales*, ___U.S.___, 133 S. Ct. 696 (2013), the court reinstituted these proceedings and scheduled the evidentiary hearing once again. On March 18, 2016, the court denied without prejudice the parties' joint request to vacate that evidentiary hearing and instead scheduled an October 3, 2016 status conference and a January 18, 2017 continued evidentiary hearing as well as set related deadlines.

## II. DISCUSSION AND ORDER

Petitioner now seeks an order holding these proceedings in abeyance under the decision in *Rhines v. Weber,* which allows a district court to issue a stay and hold in abeyance a mixed

federal habeas petition if the following conditions are met: (1) "the petitioner has good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. 269, 277-78 (2005). The Supreme Court has made clear that this option "should be available only in limited circumstances." *Id.* at 277. Moreover, in the context of this pre-AEDPA action there may be question as to the extent to which the decision in *Rhines* applies and if it does whether petitioner has demonstrated that the underlying April 22, 1996 petition is a mixed petition, i.e., includes the noted unexhausted state claims. *See Rhines*, 544 U.S. at 273.

The court need not, however, consider application of the three *Rhines* factors in this context because petitioner's unopposed motion does demonstrate at this time good cause to vacate all previously scheduled hearings and deadlines in this action. *See* Rules Governing § 2254 Cases, Rules 8 & 12, 28 U.S.C.A. foll. § 2254; Local Rule 191.

Accordingly, for the reasons stated:

1. Petitioner's unopposed motion to hold these proceedings in abeyance (Doc. No. 308) is denied without prejudice,
2. All scheduled hearings and deadlines (Doc. No. 307) are vacated, and
3. Petitioner is directed to file a report of the status of state exhaustion proceedings quarterly beginning October 1, 2016, and to file a report of claim disposition within fifteen (15) days of the California Supreme Court's decision thereon.

IT IS SO ORDERED.

Dated: **May 18, 2016**

UNITED STATES DISTRICT JUDGE